Nicole Paige WINGFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–05–00923–CR.

Court of Appeals of Texas,
Dallas.

Aug. 2, 2006.

---

Deric King Walpole, Boyd Veigel, P.C., McKinney, TX, for appellant.

John R. Roach, Collin County District Attorney, Andrea L. Westerfeld, Assistant Criminal District Attorney, McKinney, TX, for state.

Before Chief Justice THOMAS and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

A jury convicted Nicole Paige Wingfield of possession of marijuana under two ounces. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003).[1] The trial court

---

1. The jury acquitted appellant of the charge she possessed a controlled substance, Alprazolam, under twenty-eight grams. *See*

TEX. HEALTH & SAFETY CODE ANN. §§ 481.104, 481.117 (Vernon 2003).

assessed punishment at a $500 fine and sixty days' confinement in the county jail, suspended imposition of the jail sentence, and placed appellant on community supervision for one year. In three issues, appellant asserts (1) the trial court erred in admitting evidence of an extraneous offense, (2) her right to assistance of counsel under the Sixth Amendment to the United States constitution was violated by defense counsel not being present at a critical stage of trial, and (3) her conviction is not supported by legally or factually sufficient evidence. We affirm.

## BACKGROUND

On September 19, 2004, the Allen Police Department received a report from the McKinney Police Department that a runaway teenager was located in appellant's apartment.[2] In responding to this call, Allen Police Officer Janice Peele conducted a protective sweep of the apartment for purposes of officer safety. Officer Peele observed marijuana residue and drug paraphernalia on the living room coffee table and a set of thumb scales, often used for weighing marijuana or other drugs, hanging from a hook in appellant's bedroom. The runaway was located in the bedroom of Alex Ramos, appellant's roommate, and was taken into custody by McKinney police officers. Corporal Darrell Eldridge of the Allen Police Department responded to Officer Peele's request for assistance regarding the presence of contraband in the apartment.

Ramos admitted that all of the visible drugs in the living room and the marijuana located in a cigar box in his bedroom belonged to him. Appellant arrived while the police were at the apartment, claiming she had been away for a few days. The officers requested permission to search her bedroom. Appellant declined to give the officers permission and acted nervous at the officers' presence. The officers contacted the narcotics division of the Allen Police Department about obtaining a warrant. Inspector Christopher Mayfield and Sergeant L.C. Dodson responded to the call.

After the officers notified appellant they would apply for a warrant to search her bedroom, she consented to the search. Upon entering appellant's bedroom, Corporal Eldridge found the thumb scales previously observed by Officer Peele. Inspector Mayfield and Sergeant Dodson discovered in plain view a bottle containing over-the-counter medication and one pill of Alprazolam; shortened straws and baggies associated with drug use in boxes on the shelves and dresser; and marijuana, drug paraphernalia, and various personal items in a plastic container under the bed. Appellant was arrested for possession of marijuana under two ounces and possession of a controlled substance, Alprazolam, under twenty-eight grams.

Over appellant's objection, Ramos testified that he had seen appellant smoke marijuana. Ramos also testified that a few of his friends had been at the apartment the weekend immediately before this arrest, drinking and using drugs. However, appellant had been away over the weekend. He further testified he told his friends not to go into appellant's bedroom and that he had not seen any of his friends enter the bedroom.

During deliberations, the trial court received a note from the jury reporting they had reached a verdict on the possession of a controlled substance charge, but they were deadlocked on the possession of marijuana charge. The trial court, in the absence of counsel for both the State and appellant, responded in writing that the court would have to grant a mistrial if the

2. The runaway lived in McKinney. Appellant's apartment was located in Allen.

jury could not reach a verdict and urged the jury to continue deliberations until a verdict was reached. The jury, after further deliberations, returned a guilty verdict on the possession of marijuana charge and a not guilty verdict on the possession of a controlled substance charge.

## ADMISSION OF EVIDENCE

■ In her first issue, appellant complains the trial court erred in allowing Ramos's testimony as to her prior drug use.[3] We review a trial court's admission of extraneous offense evidence for an abuse of discretion. *Robbins v. State*, 88 S.W.3d 256, 259–60 (Tex.Crim.App.2002). A trial court does not abuse its discretion as long as its decision to admit evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g). We must uphold the trial court's decision "[i]f the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made." *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex.Crim. App.2004).

■ Generally, evidence of extraneous offenses or prior wrongful acts is inadmissible as evidence of a person's character. TEX.R. EVID. 404(b); *Johnston v. State*, 145 S.W.3d 215, 219 (Tex.Crim.App.2004); *Carter v. State*, 145 S.W.3d 702, 707 (Tex. App.-Dallas 2004, pet. ref'd). However, evidence of extraneous offenses or other wrongful acts may be admissible to prove identity, intent, preparation, plan, or knowledge or to rebut a particular defensive theory. TEX.R. EVID. 404(b); *Moses v. State*, 105 S.W.3d 622, 626 (Tex.Crim.App. 2003); *Carter*, 145 S.W.3d at 707. Under rule 404(b), such evidence is admissible if it is material to a contested issue of the case. *Johnston*, 145 S.W.3d at 220; *Carter*, 145 S.W.3d at 707.

■ A person commits the offense of possession of marijuana if he knowingly or intentionally possesses a usable quantity of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (Vernon 2003). Proof of intent or wrongful knowledge is an essential element of the offense. *Hudson v. State*, 128 S.W.3d 367, 374 (Tex.App.-Texarkana 2004, no pet.).

At trial, appellant contested whether she had the requisite intent or knowledge for the commission of the offense. Appellant's counsel vigorously cross-examined each of the police officers about how long appellant had been absent from the apartment; other individuals who had access to appellant's bedroom; reasons, other than knowing the marijuana was in her bedroom, that might have caused appellant to be nervous in the officers' presence; and the possibility appellant had no knowledge of the marijuana in her room. Vigorous cross-examination can, by itself, place in issue a non-conformity purpose, such as intent, under rule 404(b). *Robbins*, 88 S.W.3d at 261. Ramos's testimony that appellant had at other times used marijuana was circumstantial evidence that appellant intentionally or knowingly possessed marijuana on September 19, 2004, and was admissible to rebut the defensive theory that appellant did not have the requisite knowledge or intent. *See Hernandez v. State*, 484 S.W.2d 754, 755 (Tex.Crim.App. 1972); *Mason v. State*, 99 S.W.3d 652, 656 (Tex.App.-Eastland 2003, pet. ref'd) (extraneous offenses admissible as circumstantial

---

3. The State argues appellant failed to make a timely objection and, therefore, did not preserve this issue for appeal. Generally, an objection to the admission of evidence must be made as soon as the ground or grounds for the objection become apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App. 1997); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex.Crim.App.1995). We conclude the objection was timely made.

evidence defendant knowingly possessed cocaine).

Therefore, the trial court did not abuse its discretion in admitting Ramos's testimony. Accordingly, we overrule appellant's first issue.

### DEPRIVATION OF THE ASSISTANCE OF COUNSEL

■ Appellant next asserts the trial court's drafting and issuance of a standard *Allen*[4] charge without consulting her counsel denied her the assistance of counsel at a "critical stage" of the trial proceedings in violation of her Sixth Amendment right to the effective assistance of counsel. Appellant objected to neither the substance of the charge, nor the charge's effect on the jury.

■ The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI; *see also* TEX. CONST. art. I, § 10. This right attaches at all "critical stages" of the criminal proceeding. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Routier v. State*, 112 S.W.3d 554, 587 (Tex.Crim.App.2003). A specific proceeding is a "critical stage" if "the accused required aid in coping with legal problems or assistance in meeting his adversary." *United States v. Ash*, 413 U.S. 300, 313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Green v. State*, 872 S.W.2d 717, 720 (Tex.Crim. App.1994) (per curiam). There is no bright line rule as to whether each specific stage of a criminal proceeding constitutes a critical stage. *Hidalgo v. State*, 983 S.W.2d 746, 752 (Tex.Crim.App.1999); *State v. Frye*, 897 S.W.2d 324, 327–28 (Tex. Crim.App.1995). Rather, the particular circumstances of the specific proceeding

must be considered in determining whether the trial was at a critical stage. *Gobert v. State*, 717 S.W.2d 21, 23–24 (Tex.Crim. App.1986); *Woodward v. State*, 996 S.W.2d 925, 928 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd).

■ Article 36.27 of the Texas Code of Criminal Procedure requires a trial court, in responding to a communication from the jury, to "use reasonable diligence to secure the presence of the defendant and his counsel" prior to issuing a response to the communication. TEX.CODE CRIM. PROC. ANN. art. 36.27 (Vernon 1987). If the trial court "is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper." *Id.* Accordingly, a communication between the trial court and the jury does not automatically constitute a critical stage of the proceeding that requires appellant's counsel to be present. *Id.; Routier*, 112 S.W.3d at 587; *Woodward*, 996 S.W.2d at 928; *Martin v. State*, 654 S.W.2d 855, 857 (Tex.App.-Dallas 1983, no. pet.) (per curiam) (without notifying defense counsel, court instructed jury to continue deliberation after receiving note jury unable to reach decision).

■ The record is silent as to whether the trial court made any attempt to contact appellant's counsel prior to issuing the *Allen* charge. However, the trial court observed that its standard practice was to do so, and the record reflects the trial court contacted counsel before responding to prior notes from the jury. Absent a showing to the contrary, it is presumed the trial court complied with article 36.27. *Word v. State*, PD–0834–05, 2006 WL 1639115, at *4–5 (Tex.Crim.App. June 14, 2006); *Smith v. State*, 513 S.W.2d 823, 829 (Tex. Crim.App.1974).

4. *Allen v. United States,* 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

The use of an *Allen* charge has long been sanctioned by both the United States Supreme Court and the Texas Court of Criminal Appeals. *Allen*, 164 U.S. at 501–02, 17 S.Ct. 154; *Arrevalo v. State*, 489 S.W.2d 569, 571 (Tex.Crim.App.1973). Absent a complaint regarding the substance of the charge or its effect on the jury and absent evidence the trial court failed to comply with article 36.27, we conclude the trial court's decision to issue a standard *Allen* charge outside the presence of appellant's counsel did not prejudice appellant and was not a critical stage of the trial. *See Gobert*, 717 S.W.2d at 24; *Woodward*, 996 S.W.2d at 928. Because appellant's Sixth Amendment right to the assistance of counsel was not violated, her second issue is overruled.

### LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

In her final issue, appellant claims the evidence is legally and factually insufficient to prove she possessed the marijuana intentionally or knowingly. When reviewing challenges to the legal sufficiency of the evidence, we consider all of the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex.Crim.App.2003). When reviewing a claim of factual insufficiency, we view all of the evidence in a neutral light to determine whether the jury's finding of guilt beyond a reasonable doubt is rationally justified by the evidence. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). Evidence can be factually insufficient if the evidence in support of the guilty verdict is too weak to support the finding of guilt beyond a reasonable doubt, or contrary evidence exists that is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 484–85. In performing a factual sufficiency review, we give deference to the fact finder's determinations, including determinations regarding the credibility and demeanor of witnesses. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). We may not substitute our judgment for that of the fact finder. *Zuniga*, 144 S.W.3d at 482.

A person commits the offense of possession of marijuana if he "knowingly or intentionally possesses a usable quantity of marihuana." TEX. HEALTH & SAFETY CODE ANN. § 481.121(a). If, as in this case, the contraband is not in the exclusive possession of the defendant, the evidence, whether direct or circumstantial, must "affirmatively link" the defendant to the contraband in a manner that is "more than just fortuitous." *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex.Crim.App.2005). In determining whether sufficient affirmative links exist, we examine factors such as (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.-Dallas 2003, no

pet.). There is no set formula of facts that dictates a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Id.; Porter v. State*, 873 S.W.2d 729, 732 (Tex.App.-Dallas 1994, pet. ref'd). It is the "logical force" or degree of the factors, not the number of factors present, that tend to affirmatively link the defendant to the contraband. *Taylor*, 106 S.W.3d at 831.

 Appellant had the right of possession of the bedroom in the apartment where the marijuana was located. Ramos testified he respected appellant's rights, did not go into appellant's bedroom, and instructed his friends not to enter the room. Officer Peele and Corporal Eldridge testified appellant acted nervous when the officers requested to search her room and they attributed the nervousness to appellant's knowledge there was contraband in the room. In plain view in appellant's bedroom was a scale commonly used for measuring marijuana or other drugs. On appellant's shelves and dresser were a bottle of over-the-counter medication that, along with the medication, contained one pill of Alprazolam; a box containing shortened straws often used for snorting narcotics; and a box containing baggies commonly used to hold drugs. The marijuana was found in a concealed plastic bin beneath appellant's bed along with a marijuana grinder, a plastic bag with a white powder residue in it, a marijuana pipe, and other personal items belonging to appellant. Ramos testified he had seen appellant smoke marijuana on previous occasions. We conclude the evidence is legally sufficient to link appellant to the marijuana.

Turning to appellant's factual sufficiency complaint, the evidence contrary to the verdict shows appellant was not present at the apartment when the police commenced their search; she had not stayed at the apartment for a number of days prior to the search; other persons not residing at the apartment had entered the apartment at various times during her absence; these other persons used drugs in the apartment; and appellant's boyfriend shared her room with her. Giving due deference to the jury's assessment of the witnesses' credibility and resolution of evidentiary conflicts, we conclude the evidence is factually sufficient to support the conviction. We overrule appellant's final issue.

## CONCLUSION

The testimony concerning appellant's prior drug use was admissible for the purposes of proving appellant had the requisite intent or knowledge to possess the marijuana. Appellant's Sixth Amendment right to the presence of counsel was not violated by the trial court, after presumptively complying with the requirements of article 36.27, issuing a standard *Allen* charge, to which appellant did not object, outside the presence of appellant's counsel. The evidence presented at trial was both legally and factually sufficient to sustain the jury's finding of guilt beyond a reasonable doubt.

Accordingly, we affirm the trial court's judgment.