NO. 07-05-0313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2007

______________________________

RONALD EUGENE PARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 50,279-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Ronald Eugene Parker appeals his conviction for the felony offense of aggravated assault.  We agree with appointed counsel’s conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court’s judgment.  

Appellant was indicted for aggravated assault by threatening imminent bodily injury, using or exhibiting a deadly weapon.  The indictment also contained enhancement paragraphs alleging two prior felony convictions.  He pled not guilty and was tried before a jury which found him guilty as alleged in the indictment.  Appellant pled not true to the enhancement allegations.  The jury found both enhancement paragraphs true and assessed punishment at 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Notice of appeal was timely filed.  

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he represents he has searched the record and in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal.  Counsel has informed appellant by letter of his right to review the trial record and to file a pro se response.  
Johnson v. State
, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref’d).  By letter this court also notified appellant of his opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by his counsel.  Appellant has not filed a brief or other response.  Nor has the State filed a brief in this appeal. 

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

Counsel’s brief discusses two potential issues.  The first concerns the supplemental or 
Allen
(footnote: 1) charge provided to the jury when the jury foreman indicated the jurors were deadlocked on punishment.  Counsel notes the record does not affirmatively show the supplemental charge was read in open court or appellant’s express waiver of such reading as required by article 36.27 of the Code of Criminal Procedure. (Vernon 2006).  He concludes any defect  in presentation of the supplemental charge was waived when it was not brought to the trial court’s attention, 
citing Smith v. State
, 513 S.W.2d 823, 829 (Tex.Crim.App. 1974) and
 Hudson v. State
, 128 S.W.3d 367, 382 (Tex.App.–Texarkana 2004, no pet.).  
See also
 
Wingfield v. State
, 197 S.W.3d 922, 926 (Tex.App.–Dallas 2006, no pet.) (compliance with article 36.27 presumed absent a showing to the contrary).  Counsel’s brief also addresses whether appellant was denied the effective assistance of counsel, concluding under the governing authority he was not.  

Our review of counsel’s brief and the record convinces us that appellate counsel conducted a thorough review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See Stafford
, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review.  We grant counsel’s motion to withdraw, and affirm the judgment of the trial court.

James T. Campbell

        Justice

Do not publish.

FOOTNOTES
1: 
Allen v. United States
, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).