NO. 07-05-0313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2007
_____

RONALD EUGENE PARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,279-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

After reviewing appellant's petition for discretionary review, we withdraw our opinion of February 22, 2007 and substitute this opinion in its place. *See* Tex. R. App. P. 50.

Appellant Ronald Eugene Parker appeals his conviction for the felony offense of aggravated assault. We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court's judgment.

Appellant was indicted for aggravated assault by threatening imminent bodily injury, using or exhibiting a deadly weapon. The indictment also contained enhancement paragraphs alleging two prior felony convictions. He pled not guilty and was tried before a jury which found him guilty as alleged in the indictment. Appellant pled not true to the enhancement allegations. The jury found both enhancement paragraphs true and assessed punishment at 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Notice of appeal was timely filed.

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he represents he has searched the record and in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal. Counsel has informed appellant by letter of his right to review the trial record and to file a pro se response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response presenting three potential issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

2

Counsel's brief discusses two potential issues. The first concerns the supplemental or *Allen*[1] charge provided to the jury when the jury foreman indicated the jurors were deadlocked on punishment. Counsel notes the record does not affirmatively show the supplemental charge was read in open court or appellant's express waiver of such reading as required by article 36.27 of the Code of Criminal Procedure. (Vernon 2006). He concludes any defect in presentation of the supplemental charge was waived when it was not brought to the trial court's attention, *citing Smith v. State*, 513 S.W.2d 823, 829 (Tex.Crim.App. 1974), and *Hudson v. State*, 128 S.W.3d 367, 382 (Tex.App.–Texarkana 2004, no pet.). *See also Wingfield v. State*, 197 S.W.3d 922, 926 (Tex.App.–Dallas 2006, no pet.) (compliance with article 36.27 presumed absent a showing to the contrary). Counsel's brief also addresses whether appellant was denied the effective assistance of counsel, concluding under the governing authority he was not. Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record.

The first issue raised in appellant's response alleges the evidence was legally insufficient to establish he used or exhibited a deadly weapon. Appellant does not deny the admission of evidence he exhibited a "silver or chrome-plated . . . handgun." He alleges the absence of evidence that the handgun was a deadly weapon renders the evidence legally insufficient. Penal Code section 46.01(5) defines handgun as a firearm

---

[1] *Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

designed to be fired with one hand. Tex. Pen. Code Ann. § 46.01(5) (Vernon 2003).[2] A

firearm is a deadly weapon per se. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex.Crim.App.

2005). The jury was instructed that a firearm is a deadly weapon. *See* Tex. Pen. Code

Ann. § 1.07(a)(17)(A) (Vernon 2003). Appellant next questions the factual sufficiency of

the evidence he used a deadly weapon. He relies on evidence one witness did not see

appellant with a weapon and police officers did not find a gun in the area. This is not an

objective basis on which we could say the great weight and preponderance of the evidence

contradicts the jury's verdict. *See Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App.

2006) (reciting standard for determining factual insufficiency).

The third issue in appellant's response assigns error to the trial court's failure to

charge the jury on the definition of a firearm contained in Penal Code section 46.01(3).[3]

The definition of firearm contained in section 46.01(3) applies only to offenses defined in

Chapter 46. *Garrison v. State*, 726 S.W.2d 134, 138-39 (Tex.Crim.App. 1987); Tex. Pen.

Code Ann. § 46.01 (Vernon 2003). The offense of aggravated assault is defined in

Chapter 22 of the Penal Code. Tex. Pen. Code Ann. § 22.02 (Vernon 2003). The trial

court did not err in its failure to include the section 46.01(3) definition of firearm in the

aggravated assault charge. *Garrison*, 726 S.W.2d at 138. Appellant's response does not

show any meritorious issue on which an appeal can be predicated.

---

[2] *See Lee v. State*, 866 S.W.2d 298, 300 (Tex.App.--Fort Worth 1993, pet. ref'd) (recognizing definitions set out in section 46.01 apply only to chapter 46 offenses, but can be used as an aid in determining whether a particular weapon is a deadly weapon).

[3] Appellant concedes the complaint was not presented to the trial court and reversal is required only if the error resulted in egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant counsel's motion to withdraw, and affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.