NO. 07-05-0313-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 5, 2007


______________________________



RONALD EUGENE PARKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,279-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 After reviewing appellant's petition for discretionary review, we withdraw our opinion
of February 22, 2007 and substitute this opinion in its place. See Tex. R. App. P. 50. 

 Appellant Ronald Eugene Parker appeals his conviction for the felony offense of
aggravated assault. We agree with appointed counsel's conclusion that the record fails
to show any meritorious issue which would support the appeal and affirm the trial court's
judgment. 

 Appellant was indicted for aggravated assault by threatening imminent bodily injury,
using or exhibiting a deadly weapon. The indictment also contained enhancement
paragraphs alleging two prior felony convictions. He pled not guilty and was tried before
a jury which found him guilty as alleged in the indictment. Appellant pled not true to the
enhancement allegations. The jury found both enhancement paragraphs true and
assessed punishment at 35 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Notice of appeal was timely filed. 

 Appellant's counsel has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in which he
represents he has searched the record and in his professional opinion, under the
controlling authorities and facts of this case, there is no reversible error or legitimate
grounds for appeal. Counsel has informed appellant by letter of his right to review the trial
record and to file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). By letter this court also notified appellant of his
opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has filed a response presenting three potential issues. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Counsel's brief discusses two potential issues. The first concerns the supplemental
or Allen (1) charge provided to the jury when the jury foreman indicated the jurors were
deadlocked on punishment. Counsel notes the record does not affirmatively show the
supplemental charge was read in open court or appellant's express waiver of such reading
as required by article 36.27 of the Code of Criminal Procedure. (Vernon 2006). He
concludes any defect in presentation of the supplemental charge was waived when it was
not brought to the trial court's attention, citing Smith v. State, 513 S.W.2d 823, 829
(Tex.Crim.App. 1974), and Hudson v. State, 128 S.W.3d 367, 382 (Tex.App.-Texarkana
2004, no pet.). See also Wingfield v. State, 197 S.W.3d 922, 926 (Tex.App.-Dallas 2006,
no pet.) (compliance with article 36.27 presumed absent a showing to the contrary). 
Counsel's brief also addresses whether appellant was denied the effective assistance of
counsel, concluding under the governing authority he was not. Our review of counsel's
brief and the record convinces us that appellate counsel conducted a thorough review of
the record. 

 The first issue raised in appellant's response alleges the evidence was legally
insufficient to establish he used or exhibited a deadly weapon. Appellant does not deny
the admission of evidence he exhibited a "silver or chrome-plated . . . handgun." He
alleges the absence of evidence that the handgun was a deadly weapon renders the
evidence legally insufficient. Penal Code section 46.01(5) defines handgun as a firearm
designed to be fired with one hand. Tex. Pen. Code Ann. § 46.01(5) (Vernon 2003). (2) A
firearm is a deadly weapon per se. Ex parte Huskins, 176 S.W.3d 818, 820 (Tex.Crim.App.
2005). The jury was instructed that a firearm is a deadly weapon. See Tex. Pen. Code
Ann. § 1.07(a)(17)(A) (Vernon 2003). Appellant next questions the factual sufficiency of
the evidence he used a deadly weapon. He relies on evidence one witness did not see
appellant with a weapon and police officers did not find a gun in the area. This is not an
objective basis on which we could say the great weight and preponderance of the evidence
contradicts the jury's verdict. See Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App.
2006) (reciting standard for determining factual insufficiency). 

 The third issue in appellant's response assigns error to the trial court's failure to
charge the jury on the definition of a firearm contained in Penal Code section 46.01(3). (3) 
The definition of firearm contained in section 46.01(3) applies only to offenses defined in
Chapter 46. Garrison v. State, 726 S.W.2d 134, 138-39 (Tex.Crim.App. 1987); Tex. Pen.
Code Ann. § 46.01 (Vernon 2003). The offense of aggravated assault is defined in
Chapter 22 of the Penal Code. Tex. Pen. Code Ann. § 22.02 (Vernon 2003). The trial
court did not err in its failure to include the section 46.01(3) definition of firearm in the
aggravated assault charge. Garrison, 726 S.W.2d at 138. Appellant's response does not
show any meritorious issue on which an appeal can be predicated.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant
counsel's motion to withdraw, and affirm the judgment of the trial court.


 James T. Campbell

 Justice


Do not publish.
1. Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
2. See Lee v. State, 866 S.W.2d 298, 300 (Tex.App.--Fort Worth 1993, pet. ref'd)
(recognizing definitions set out in section 46.01 apply only to chapter 46 offenses, but can
be used as an aid in determining whether a particular weapon is a deadly weapon). 
3. Appellant concedes the complaint was not presented to the trial court and reversal
is required only if the error resulted in egregious harm. See Almanza v. State, 686 S.W.2d
157, 171 (Tex.Crim.App. 1984).