**AFFIRM as modified; and Opinion Filed July 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00437-CR
No. 05-18-00438-CR
No. 05-18-00439-CR

**ALBERT LEE DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1422066-X, F-1422067-X, F-1422068-X**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

A jury found appellant Albert Lee Diaz guilty of possession with intent to deliver heroin in an amount greater than four grams but less than 200 grams,[1] possession of methamphetamine in an amount less than one gram,[2] and unlawful possession of a firearm by a felon.[3] Finding two prior felony enhancement allegations in each indictment to be true, the jury assessed concurrent sentences of sixty years' confinement, two years' confinement, and fifty years' confinement, respectively. In each appeal, appellant raises a single issue contending the evidence, and specifically the evidence required to prove possession, is insufficient to support his conviction. In

---

[1] Trial court cause number F-1422066-X; appellate cause number 05-18-00437-CR.

[2] Trial court cause number F-1422067-X; appellate cause number 05-18-00438-CR.

[3] Trial court cause number F-1422068-X; appellate cause number 05-18-00439-CR.

a cross-issue, the State requests that we modify the judgments to reflect that appellant pleaded not true to each of the enhancements alleged. For the following reasons, we modify the trial court's judgment and, as modified, affirm.

City of Farmers Branch Police Officer Charles Taylor responded to a suspicious vehicle call at a gas station and found a white Chevrolet Trailblazer stopped with its brake lights on in the middle of the parking lot. Taylor approached the vehicle and observed appellant sitting in the vehicle's driver seat and slumped over the center console. Taylor opened the vehicle door, moved the gear selector to park the vehicle, and tried to wake appellant. Appellant told Taylor his name, but did not appear in control of his faculties; his speech was incoherent and slurred. Taylor tried to conduct field sobriety tests, but appellant's balance was too unsteady. Officer Nicolas Sham, who had arrived at the scene as backup, called paramedics because appellant seemed to be losing and regaining consciousness. The paramedics gave appellant an injection of Narcan, a drug used to counteract the effects of heroin, and then transported him to the hospital.

Officers Taylor and Sham took custody of the Trailblazer and began an inventory search. Sham immediately observed two Altoids mint tins in an open panel compartment on the driver door. Inside the tins were small aluminum foil-wrapped bundles containing brown powder. In Sham's experience, the bundles were consistent with packaged cheese heroin, a mixture of heroin and Tylenol PM in a powder form. In the vehicle's center console, Sham observed a large piece of black tar heroin wrapped in plastic. A digital scale with a red, sticky residue of heroin sat just under the black tar heroin. Sham also located appellant's Texas Identification Card. The officers suspended the search, secured the vehicle, and followed it as it was transported via wrecker to a secure sally port at the police department.

Sergeant Kyle Bratcher and Investigator Phillip Wardlaw, both assigned to the narcotics unit, subsequently completed the vehicle search in the sally port. On the front passenger floorboard, Bratcher located a bladder, along with bottles of yellow liquid and boxes of synthetic urine, for use in falsifying urine tests. Wardlaw located a plastic baggie containing a white crystal substance in the pocket of a pair of shorts on the floorboard behind the driver seat. Bratcher found a handgun sticking out of a beat-up duffle bag in the vehicle's rear cargo area. The handgun, a Browning .22 semi-automatic, was loaded. Bratcher later learned the vehicle belonged to appellant.

Forensic scientist David Eckre tested the substances recovered from the vehicle at the Texas Department of Public Safety Garland Crime Laboratory. Eckre testified the thick black substance was impure heroin, commonly known as black tar heroin, weighing 8.29 grams. The brown powder, a mix of heroin and tetrahydramine commonly known as cheese heroin, weighed 7.86 grams. The white crystalline substance was methamphetamine and weighed 0.08 grams.

City of Irving Police Detective Stephen Junker, with more than twenty years' experience working in his department's narcotics unit, testified as an expert witness. Junker testified 7.86 grams of cheese heroin could make close to a hundred individual doses of the drug. The 8.29 grams of black tar heroin had a street value of $400 to $500, but could be cut and sold as eighty to 100 individual doses or cut and diluted with an adulterant to be sold as twice that many doses. The tin-foil packaging of the cheese heroin was a popular method for distributing the drug. Junker testified that the already-packaged drugs, additional heroin, and scales together indicated appellant possessed the heroin with the intent to deliver. Junker also testified that drug traffickers use weapons, like the firearm found in appellant's vehicle, as protection from robbery and even the police.

The State indicted appellant for possession with intent to deliver heroin in an amount greater than four grams but less than 200 grams, possession of methamphetamine in an amount less than one gram, and unlawful possession of a firearm by a felon. Following trial, the jury found appellant guilty of all three offenses. Appellant entered pleas of not true to two felony enhancement allegations in each indictment.[4] Following the punishment phase of trial, the jury found each enhancement allegation to be true and sentenced appellant to sixty years' confinement in the heroin case, two years' confinement in the methamphetamine case, and fifty years' confinement in the possession of a firearm by a felon case.

## APPLICABLE LAW

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The jury is the sole judge of witness credibility and may draw reasonable inferences that are supported by evidence presented at trial. *Tate*, 500 S.W.3d at 413. We presume the jury resolved any conflicting inferences supported by the record in favor of the verdict. *Id*. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and, alone, can be sufficient to establish guilt. *Id*.; *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015).

The penal code defines possession as "actual care, custody, control, or management." TEX. PEN. CODE ANN. § 1.07(a)(39) (West 2011 & Supp. 2017). To prove a defendant knowingly or intentionally possessed a controlled substance, the State must establish the defendant (1) exercised care, control, or management over the substance in question and (2) knew the substance was

---

[4] In the heroin and methamphetamine cases, the indictments alleged prior convictions of possession of a controlled substance and unlawful possession of a firearm by a felon. The unlawful possession of a firearm by a felon indictment alleged two previous convictions of unlawful possession of a firearm by a felon.

–4–

contraband.  *See id*.; TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a) & (d), 481.115(a) & (b) (West 2017); *Tate*, 500 S.W.3d at 413.

A defendant's mere presence at the location where contraband is found is insufficient to establish possession. *Tate*, 500 S.W.3d at 413.  Combined with other evidence, however, presence or proximity may be sufficient to establish possession.  *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).  The court of criminal appeals has adopted a non-exclusive list of fourteen factors that may indicate a link connecting a defendant to knowing possession of contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Tate*, 500 S.W.3d at 414 (quoting *Evans*, 202 S.W.3d at 162 n.12).  The absence of links does not constitute evidence of innocence to weigh against links that are present.  *Santiesteban-Pileta v. State*, 421 S.W.3d 9, 15 (Tex. App.—Waco 2013, pet. ref'd).  And, no set formula or number of factors is required to support an inference of knowing possession.  *Wingfield v. State*, 197 S.W.3d 922, 927 (Tex. App.—Dallas 2006, no pet.).  Instead, it is "the logical force of all of the evidence, direct or circumstantial."  *Evans*, 202 S.W.3d at 162; *Wingfield*, 197 S.W.3d 922 at 927.

To establish unlawful possession of a firearm by a felon, the State must show the defendant was previously convicted of a felony offense and possessed a firearm before the fifth anniversary of his release from confinement or supervision for parole, whichever is later.  PEN. § 46.04(a)(1) (West 2011).  With respect to possession, the State must prove the defendant: (1) exercised care, control, or custody of the firearm; (2) was conscious of his connection with the firearm; and (3)

possessed the firearm knowingly or intentionally. *Hodges v. State*, No. 05-16-00647-CR, 2017 WL 2391720, at *3 (Tex. App.—Dallas Jun. 1, 2017, pet. ref'd) (mem. op., not designated for publication); *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.). We analyze sufficiency of the evidence in cases involving unlawful possession of a firearm by a felon under the rules adopted for cases of unlawful possession of a controlled substance. *Hodges*, 2017 WL 2391720, at *3; *Young v. State*, 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd). Thus, if the firearm is not found on the defendant's person or is not in his exclusive possession, the evidence must affirmatively link him to the firearm. *Hodges*, 2017 WL 2391720, at *3. We look for the following, similar factors to affirmatively link a defendant to knowing possession of firearm:

> (1) the firearm was in plain view; (2) the accused was the owner of the car in which the firearm was found; (3) the accused was the driver of the car in which the firearm was found; (4) the accused was in close proximity and had ready access to the firearm; (5) the firearm was found on the same side of the car seat as the accused was sitting; (6) the firearm was found on the accused; (7) the defendant attempted to flee; (8) conduct by the accused indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the accused had a special connection or relationship to the firearm; (11) the place where the firearm was found was enclosed; (12) occupants of the automobile gave conflicting statements about relevant matters; and (13) affirmative statements connect the accused to the firearm, including incriminating statements made by the accused when arrested.

*Id.* (citing *Bates*, 155 S.W.3d at 216-17).

## ANALYSIS

In a single issue in each appeal, appellant contends the evidence is insufficient to establish possession of the controlled substances and firearm. Specifically, appellant asserts the State failed to present affirmative link evidence of intentional or knowing possession and, as support, relies on his medical condition, the fact that none of the items were found on his person, and a lack of evidence showing he was the sole owner or person with rightful possession of the Trailblazer.

The evidence, however, raises multiple affirmative links to support an inference of appellant's knowing possession of the contraband. First, appellant was the sole occupant of the Trailblazer, which belonged to him. When Officer Taylor approached the vehicle, appellant was seated in the driver's seat with his foot on the brake pedal. Appellant was slumped over the center console, where Officer Sham located black tar heroin wrapped in plastic. Sham also located mint tins containing individually-packaged doses of cheese heroin in a driver door compartment and methamphetamine in shorts on the floorboard right behind the driver seat. All of the controlled substances were within arm's reach of appellant. Although appellant contends his medical condition precludes his knowing possession of the contraband, his condition is actually evidence that he was under the influence of narcotics, another affirmative link. Appellant did not appear in control of his faculties; his speech was incoherent and slurred and his balance unsteady. Paramedics called to the scene gave appellant an injection of Narcan, a drug used to counteract the effects of heroin, before transporting him to the hospital.

In addition to heroin and methamphetamine, appellant's vehicle contained other contraband, the firearm. The firearm was located in the rear cargo area of the vehicle and not immediately accessible to appellant in the driver seat, but it was in close proximity to appellant in the vehicle, an enclosed area over which appellant had sole possession and control. Bratcher testified that firearms are tools of the drug trafficking trade and it is common to find firearms when drugs are found. The officers also located other drug-related items in appellant's vehicle: the digital scale for weighing and dividing narcotics; and the bladder, synthetic urine, and small bottles of yellow liquid for falsifying urine tests. Although there were no signs of suspicious drug activity when Taylor arrived at scene, both Taylor and Sham testified the gas station was within easy driving distance of hotels and motels, including one just across a freeway, known for illegal drug activity.

Appellant was the sole occupant of the vehicle and the only individual in close proximity and with access to the Trailblazer and the controlled substances and firearm in the enclosed space of the vehicle. The fact that none of the items were on his person or that he might not have sole ownership of the vehicle does not render evidence affirmatively linking him to knowing possession of the contraband legally insufficient. Viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could find the "logical force of all of the evidence, direct or circumstantial," sufficient to sustain a finding beyond a reasonable doubt that appellant intentionally or knowingly possessed the contraband in the vehicle – the heroin, the methamphetamine, and the firearm. *See Evans*, 202 S.W.3d at 162. Accordingly, the evidence is legally sufficient to support appellant's convictions. We overrule appellant's first issue.

MODIFICATION OF THE JUDGMENT

In a cross-issue, the State requests that we modify the judgment to properly reflect appellant's pleas of not true to the enhancement paragraphs in each case. The record reflects that appellant entered pleas of not true to the enhancement paragraphs, but each of the judgments states appellant's pleas as "TRUE." When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.— Dallas 1991, pet. ref'd). Because the record establishes that appellant entered pleas of not true to the enhancement paragraphs in each indictment, we modify the sections of each judgment titled "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph" to state "NOT TRUE." We sustain the State's cross-issue.

As modified, we affirm the trial court's judgment.



/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180437F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALBERT LEE DIAZ, Appellant

No. 05-18-00437-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1422066-X.
Opinion delivered by Justice Brown; Justices Bridges and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REPLACE** "TRUE" in the sections of the judgment titled "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph" with "NOT TRUE".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALBERT LEE DIAZ, Appellant

No. 05-18-00438-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1422067-X.
Opinion delivered by Justice Brown; Justices Bridges and Boatright.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REPLACE** "TRUE" in the sections of the judgment titled "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph" with "NOT TRUE".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of July, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALBERT LEE DIAZ, Appellant

No. 05-18-00439-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1422068-X.
Opinion delivered by Justice Brown; Justices Bridges and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REPLACE** "TRUE" in the sections of the judgment titled "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph" with "NOT TRUE".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of July, 2018.