NO. 07-05-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 21, 2006
_____

BARBARA STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**OPINION**

Appellant Barbara Stone appeals her conviction for possession with intent to deliver a controlled substance (cocaine) in an amount of less than 200 grams but more than four grams and her sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

## Background

Lubbock police officers were involved in a drug investigation focused on Kevin Kennedy. During the investigation, the officers learned that appellant was Kennedy's drug source and decided to place appellant's apartment under surveillance. On September 7, 2004, an undercover officer arranged, through a confidential informant, to purchase drugs from Kennedy. After meeting with the undercover officer, Kennedy went to appellant's apartment and returned to complete the drug transaction. On September 9, the undercover officer again set up a drug buy with Kennedy who went to appellant's home before completing the second transaction. Kennedy was arrested after the second transaction.

As the police continued their surveillance of appellant's apartment, the officers observed a female matching appellant's description leave the residence. Believing that appellant could be leaving with evidence, i.e., drugs or currency marked by law enforcement, officers detained the female and questioned her. The officers learned that the female was not appellant. Neither could they confirm any connection between the female and the apparent drug transactions. At that time, the police officers who were wearing clothes identifying them as law enforcement believed that they had exposed their presence and had possibly endangered their investigation. Concerned that the officers' exposure had placed them in danger and that the occupants of appellant's apartment could destroy evidence, the lead officer made the decision to enter the apartment. The police forcibly entered the apartment and secured the occupants of appellant's home before

requesting consent from appellant. Appellant consented to the search and directed the police to the location of the drugs. The police found cocaine, prescription pills, and methamphetamine. Appellant was then arrested for possession of a controlled substance with intent to deliver cocaine.

Appellant filed a motion to suppress the evidence gathered during the search contending the officers lacked probable cause or exigent circumstances to enter appellant's residence, and that any consent given afterwards was not voluntarily given. The trial court denied appellant's motion to suppress. Appellant then pled guilty and the trial court, upon finding her guilty, sentenced her to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant contends that the trial court erred in overruling her motion to suppress. Specifically, appellant contends that the police did not have probable cause nor exigent circumstances to justify the warrantless entry into her apartment by force. Further, while appellant concedes that she consented to the search, she contends that the consent was rendered involuntary by the circumstances at the time consent was given.

Motion to Suppress Evidence Gained By Warrantless Entry

For search and seizure issues, we engage in a mixed review. <u>Johnson v. State</u>, 68 S.W.3d 644, 652 (Tex.Crim.App. 2002). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, while we review *de novo* any application-of-law-to-fact questions that do not turn upon credibility and demeanor. <u>Id</u>. at 652-53.

3

Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found. See Estrada v. State, 154 S.W.3d 604, 609 (Tex.Crim.App. 2005). If probable cause is present, the inquiry becomes whether exigent circumstances existed to obviate the need for a search warrant and justify the initial warrantless entry. McNairy v. State, 835 S.W.2d 101, 107 (Tex.Crim.App.1991). Exigent circumstances include (1) rendering aid or assistance to persons whom officers reasonably believe are in need of assistance; (2) preventing the destruction of evidence or contraband; and (3) protecting officers from persons whom they reasonably believe to be present, armed and dangerous. See Parker v. State, No. PD-0250-05, 2006 WL 931596, at *2 n.16 (Tex.Crim.App. April 12, 2006) (citing McNairy 835 S.W.2d at 107). If either probable cause or exigent circumstances are not established, a warrantless entry will not past muster. See id. at *2.

Neither party disputes that entry was made without a warrant. Therefore, the burden is upon the State to prove the legality of the warrantless search. See Amores v. State, 816 S.W.2d 407, 413 (Tex.Crim.App. 1991). Thus, the State had the burden to prove that probable cause plus exigent circumstances existed that rendered the procurement of a search warrant impractical. See Estrada, 154 S.W.3d at 608.

As to probable cause, the State points to testimony that Kennedy sold illicit drugs on two occasions by visiting appellant's home prior to each sale, with the second transaction occurring just minutes prior to the officers entering the home. Giving almost total deference to the trial court's evaluation of the police officers' testimony, we conclude

4

that a person of reasonable prudence in possession of the knowledge held by the officer would be led to believe that evidence of a crime would be found in the apartment. Therefore, we conclude that the trial court did not err in concluding that probable cause was present to allow a police officer to believe that evidence of a crime was present within the apartment.

However, even with probable cause present, the State must also show that exigent circumstances existed such that the procurement of a search warrant was impractical. The State contends that the exigent circumstances arose when officers confronted the white female outside of the apartment. According to officer testimony, the encounter was within view of the apartment and, if seen, could have led to the destruction of evidence and possible violence and armed resistance from the occupants. However, the apartment occupants must have been aware of the officers' presence before it can be said that knowledge of the officers' presence somehow influenced the occupants' actions. See Grimaldo v. State, No. 07-04-0246, 2006 WL 563027, at *4 (Tex.App.–Amarillo March 8, 2006, no pet. h.). Inferences, opinions, and conclusions stimulating police action must be reasonably objective and supported by fact as opposed to speculation and surmise. Id. Although the lead officer believed that evidence could be destroyed, and that officers were potentially in danger, the record does not contain facts rendering the lead officer's beliefs objectively reasonable. See id. Thus, we conclude the State did not establish the existence of exigent circumstances necessary for a warrantless search. Therefore, we conclude that, although probable cause existed, the absence of exigent circumstances make the warrantless entry into appellant's home unlawful.

Having concluded that the State did not establish exigent circumstances sufficient for a warrantless entry, we must determine whether appellant's consent is sufficiently attenuated from the unlawful entry to be considered voluntary.[1]

### Voluntariness of confession and admissibility
### of evidence tainted by unlawful entry

In determining whether the trial court erred in denying appellant's motion to suppress, the issue is whether, after affording almost total deference to the trial court's determination of the historical facts that are supported by the record, the trial court abused its discretion by finding that the State proved by clear and convincing evidence that the consent was voluntary.  See Montanez v. State, 195 S.W.3d 101, 108 (Tex.Crim.App. 2006).  Under an abuse of discretion, a reviewing court should not reverse the trial judge's decision whose ruling was within the zone of reasonable disagreement.  See Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App.1996).  To establish the validity of consent after an illegal search or seizure, the State must prove by clear and convincing evidence that the taint inherent in the illegality had dissipated by the time consent is given.  See Brick, 738 S.W.2d at 678.  In that respect, we consider (1) the temporal proximity between the

---

[1] The State contends that appellant did not preserve the attenuation argument at trial because she only requested the trial court to find that her consent was not voluntary. However, careful review of appellant's trial brief (Defendant's Reply to State's Response to Defendant's Brief in Support of Defendant's Motion to Suppress) demonstrates that appellant contended that "[t]he totality of these circumstances strongly suggests that [appellant]'s consent was obtained by exploitation of the illegal entry and sweep and, therefore, was not voluntary."  This language is similar to the language in Brick v. State, 738 S.W.2d 676, 678 (Tex.Crim.App. 1987).  Therefore, we conclude, as did the Court of Criminal Appeals in Brick, that appellant raised both issues of attenuation and voluntariness at trial.  Id. at 681.  Therefore, appellant properly preserved both issues.

6

unlawful entry and the given consent; (2) whether the warrantless entry brought about police observation of the particular object for which consent was sought; (3) whether the entry resulted from flagrant police misconduct; (4) whether the consent was volunteered or requested; (5) whether appellant was made fully aware of the right to refuse consent, and (6) whether the police purpose underlying the illegality was to obtain the consent. See id. at 680-81.

In this matter, a police officer testified that consent was given after officers secured the apartment and its occupants. Although a specific time period is not mentioned, we infer from the officer's testimony that a short time period of minutes elapsed between the time of entry until consent was given. Therefore, the first factor weighs against the dissipation of the taint of illegality. Next, the officers secured the location and performed a protective sweep, but did not encounter or observe any particular object for which consent was sought. Only after consent was given did the officers locate illegal drugs. In addition to the requested consent, appellant, on her own volition, led the police to the location of the drugs. Therefore, this factor weighs in favor of admissibility since the illegal drugs were not obtained by the unlawful entry but by appellant's consent as well as appellant's additional cooperation. Next, appellant contends that the police's misconduct was flagrant because they had no intention of ever gaining a search warrant; however, testimony was presented to the contrary. Further, we previously concluded that the officers did have probable cause to suspect that drugs and marked, identifiable currency used in the transaction would be found within the apartment. In giving almost total deference to a trial court's evaluation of credibility and demeanor, see Johnson, 68 S.W.3d at 652-53,

7

we recall that the lead officer's stated rationale for entering the residence was the lead officer's belief that the investigation had been exposed and that the destruction or removal of evidence was a strong possibility. While we previously concluded that this belief was not proven to be objectively reasonable, it indicates that the lead officer believed, albeit mistakenly, that the officers were justified in entering the residence. See Self v. State, 709 S.W.2d 662 , 677 (Tex.Crim.App. 1986) (conduct not in accordance with state law does not necessarily rise to the level of flagrant conduct); Renfro v. State, 958 S.W.2d 880, 887 (Tex.App.–Texarkana 1997, pet. ref'd) (when probable cause is present, police conduct though illegal, doesn't necessarily rise to level requiring censure). Further, the illegal entry in the present case was not shown to have been calculated to cause fear, surprise, or confusion, or to have been undertaken for the purpose of "turning something up." Brown v. Illinois, 422 U.S. 590, 605, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Therefore, the third factor weighs in favor of admission. The fourth factor favors suppression of the evidence since appellant did not volunteer consent but gave consent only after the police requested consent. The fifth factor weighs in favor of admission because appellant was informed of her right to refuse consent. Appellant contends the notice of her right to refuse consent was tainted by the proximity of the forcible entry as well as her being handcuffed. However, an officer testified that appellant was informed of her rights without threat or coercion and in a normal tone of voice. Once again, we give almost total deference to the trial court's evaluation of credibility and demeanor, and without direct evidence that the right to refuse consent was nullified by the circumstances, we conclude that the State informed appellant of her right to refuse consent. Finally, the sixth factor considers the rationale or purpose of the police in performing the warrantless entry. The lead officer

8

testified that his intention for ordering the breach of the apartment was to secure the residence while they obtained either consent or a search warrant. Deferring to the trial court's evaluation of credibility and demeanor, see Johnson, 68 S.W.3d at 652-53, we conclude that this final factor weighs in favor of admissibility since the officer's stated purpose was not simply to obtain consent, but was also to protect the officers and evidence of the investigation. But see Grimaldo, No. 07-04-0246, 2006 WL 563027, at *4 (court determined that officers had the intent to immediately enter home irrespective of their ability to obtain a warrant).

However, we have not reviewed the Brick factors for the purpose of re-weighing the evidence in order for this court to determine whether the State proved by clear and convincing evidence that the taint of the illegality has dissipated prior to the consent. Were we to make the determination that the State had failed to prove by a clear and convincing standard that the consent was tainted by the illegal entry, we would impermissibly eliminate the abuse of discretion standard of review afforded a trial court's decision on issues of evidence admissibility. See Montanez, 195 S.W.3d at 108. Instead, we have reviewed the record to determine whether the trial court abused its discretion by finding that the State had proven by clear and convincing evidence that appellant had voluntarily given consent. Having conducted an analysis under the Brick factors, we cannot say that the trial court was outside the zone of reasonable disagreement in concluding that the State met its burden to prove by a clear and convincing standard that the taint from the illegal

search had dissipated by the time consent was given.[2]  Therefore, the trial court did not abuse its discretion in overruling appellant's motion to suppress the evidence found as a result of the unlawful entry into appellant's apartment.  We overrule appellant's third issue.

<u>                                       </u>Conclusion

For the foregoing reasons, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Quinn, C.J., dissenting.
Campbell, J., concurring.


Publish.

---

[2] In <u>Grimaldo</u>, this court found evidence in five out of the six <u>Brick</u> factors favoring suppression of the evidence.  Evidence included testimony that the officers in <u>Grimaldo</u> made the decision to enter the residence irrespective of whether they had the time or ability to obtain a warrant, and that the decision to enter was made prior to appellant's suspicious activity.  <u>See</u> <u>Grimaldo</u>, 2006 WL 563027, at *4.  The present case is significantly different in that our analysis reveals only two of the six <u>Brick</u> factors favor suppression of the evidence.