ACCEPTED
07-14-00230-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
3/2/2015 2:23:56 PM
Vivian Long, Clerk

No. 07-14-00230-CR

In the
COURT OF APPEALS
for the
SEVENTH DISTRICT OF TEXAS
at Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
3/2/2015 2:23:56 PM
VIVIAN LONG
CLERK

**DANIEL IVAN RODRIGUEZ,**

*Appellant*

*v.*

**THE STATE OF TEXAS,**

*Appellee*

On Appeal in Cause No. B3515-1312 in the 242nd District Court
of Castro County, Texas, Hon. Edward Lee Self, Judge Presiding

_____

STATE'S REPLY BRIEF

_____

Shalyn L. Hamlin
County/District Attorney
Castro County, Texas
100 E. Bedford
Dimmitt, Texas 79027
Tel: (806) 647-4445
Fax: (806) 647-2089
shamlin@castrocounty.org
State Bar No. 24062762
Attorney for Appellee

**ORAL ARGUMENT NOT REQUESTED**

1

## NAME OF ALL PARTIES TO THE
## TRIAL COURT'S FINAL JUDGMENT

A complete list of the names and addresses of all parties to the trial court's judgment and their counsel in the trial court are:

1.      Hon. Edward Lee Self
        242nd Judicial District Court
        225 Broadway, Suite 3
        Plainview, Texas 79072

2.      Appellant, Daniel Ivan Rodriguez
        #01935082
        Leblanc Unit
        3695 FM 3514
        Beaumont, Texas 77705

3.      Trial Counsel, Kregg Hukill
        P.O. Box 1929
        Plainview, Texas 79073

4.      Appellate Counsel
        Tina Davis Rincones
        109 E. 6th Street
        Plainview, Texas 79072

5.      Appellee, State of Texas
        Shalyn Hamlin
        Castro County District Attorney
        100 East Bedford, Room 213
        Dimmitt, Texas 79027

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES …………………………………………………...2

TABLE OF CONTENTS …………………………………………………………3

INDEX OF AUTHORITIES ……………………………………………………4

STATEMENT OF THE CASE……………………………………………………7

ISSUES PRESENTED…………………..……………………………………….7

      THE TRIAL COURT DID NOT COMMIT ERROR BY DENYING APPELLANT'S MOTION TO SUPPRESS.

      THE EVIDENCE IS SUFFICIENT TO SUPPORT THE JURY'S VERDICT THAT APPELLANT COMMITTED THIS OFFENSE.

STATEMENT OF FACTS………………………………………………………7

SUMMARY OF THE ARGUMENT………………………………………….11

ARGUMENT……………………………………………………………......11

    Standard of Review and Legal Authorities…………………………....11

    Application……………………………………………………………13

PRAYER…………………………………………………………………….23

CERTIFICATE OF SERVICE……………………………………………….24

CERTIFICATE OF COMPLIANCE………………………………………...24

# INDEX OF AUTHORITIES

## <u>Cases</u>

*Evans v. State,* 202 S.W.3d 158 (Tex.Crim.Ap. 2001)………………………..20, 21

*Gallups v. State,* 151 S.W.3d 196 (Tex.Crim.App. 2004)……………...………14

*Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App. 1997)……………...….11, 12, 18

*Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007)……………………….13, 20

*Hudson v. State,* 128 S.W.3d 367 (Tex.App. – Texarkana 2004)…………….19, 20

*Jackson v. Virginia,* 443 U.S. 307 (1979)…………………….………..12, 13, 22

*Johnson v. State,* 871 S.W.2d 183 (Tex.Crim.App. 1993)………………………..13

*Montanez v. State,* 195 S.W.3d 101 (Tex.Crim.App. 2006)……..………………12, 17

*Parker v. State,* 206 S.W.3d 593 (Tex.Crim.App. 2006)………………………...15

*Poindexter v. State,* 153 S.W.3d 402 (Tex.Crim.App. 2005)……………………..19

*Roberson v. State,* 80 S.W.3d 730 (Tex.App. – Houston [1st Dist.] 2002)……..…21

*Ross v. State,* 32 S.W.3d 853 (Tex.Crim.App. 2000)……………………………..12

*Stone v. State,* 279 S.W.3d 688 (Tex.App. – Amarillo 2006, pet. ref'd)…………14,
……………………………………………………………………………15, 16, 18

*Thomas v. State,* 753 S.W.2d 688 (Tex.Crim.App. 1988)………………………...13

*Valtierra v. State,* 310 S.W.3d 442 (Tex.Crim.App. 2010)……………………….14

*Wingfield v. State,* 197 S.W.3d 922 (Tex.App. – Dallas 2006)…………………...21

## Statutes

TEX. HEALTH & SAFETY CODE ANN. §481.115……………………………….19

No. 07-14-00230-CR

In the
COURT OF APPEALS
for the
SEVENTH DISTRICT OF TEXAS
at Amarillo, Texas

**DANIEL IVAN RODRIGUEZ,**

*Appellant*

*v.*

**THE STATE OF TEXAS,**

*Appellee*

On Appeal in Cause No. B3515-1312 in the 242nd District Court
of Castro County, Texas, Hon. Edward Lee Self, Judge Presiding

_____

STATE'S REPLY BRIEF
_____

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, the State of Texas, Appellee herein, acting by and through the County/District Attorney of Castro County, Texas, and files this its brief in response to the brief submitted by Appellant, Daniel Ivan Rodriguez. This cause comes before this Court from the 242nd Judicial District Court of Castro County, Texas, the Honorable Edward Lee Self, Judge Presiding, wherein Appellant was found guilty of the offense of possession of a controlled substance, penalty group 1 (R.R. Vol. 3, p. 193) and punishment was assessed by the jury at five (5) years

confinement in the Texas Department of Criminal Justice, Institutional Division and a $5000.00 fine (R.R. Vol. 4, p. 38).

For the purpose of brevity and understanding, the following designations will apply in the record. "C.R." will refer to the Clerk's Record and "R.R." will refer to the Reporter's Record. Appellant will be referred to as such and the Appellee will be referred to as "the State."

## STATEMENT OF THE CASE

The Statement of the case as described by Appellant is correct.

## ISSUES PRESENTED

THE TRIAL COURT DID NOT COMMIT ERROR BY DENYING APPELLANT'S MOTION TO SUPPRESS.

THE EVIDENCE IS SUFFICIENT TO SUPPORT THE JURY'S VERDICT THAT APPELLANT COMMITTED THIS OFFENSE.

## STATEMENT OF FACTS

On December 24, 2012, Officer Ramey Rice of the Dimmitt Police Department responded to a call regarding a fight in progress at the Dimmitt Motel in Dimmitt, Castro County, Texas. (R.R. Vol. 2 pp. 5-6; R.R. Vol. 3 pp. 106-107, 118, 120). When Officer Rice arrived at the Dimmitt Motel, he spoke with the victim of the assault, Johnathan Jimenez ("Johnathan"), in room 106. (R.R. Vol. 2 p. 6; R.R. Vol. 3 pp. 107-108, 118, 156). When speaking to Johnathan, Officer Rice observed a wound on his side. (R.R. Vol. 3 p. 107). In the room with

7

Johnathan was a person by the name of Stacey Buskirk ("Stacey"). (R.R. Vol. 2 p. 6; R.R. Vol. 3 p. 108). After observing the wound and finding out from Johnathan that the person who assaulted him was the Appellant, Officer Rice, proceeded to the room he believed Appellant was in. (R.R. Vol. 1 p. 7; R.R. Vol. 3 pp. 108, 118, 155).

Officer Rice knocked on the door of room 101 and Appellant answered the door. (R.R. Vol. 2 p. 7; R.R. Vol. 3 pp. 108-109). When Appellant answered the door, he was breathing hard and was the only person inside the room. (R.R. Vol. 2 pp. 7; R.R. Vol. 3 pp. 109, 127-128). Officer Rice entered the room and detained Appellant by handcuffing him because a weapon was used during the fight. (R.R. Vol. 2 pp. 7, 12; R.R. Vol. 3 pp. 110, 118). Officer Rice advised Appellant that he was detaining him because of the nature of the offense. (R.R. Vol. 2 p. 12). Appellant provided Officer Rice with consent to the search of the room. (R.R. Vol. 2 pp. 8, 12-13; R.R. Vol. 3 pp. 110, 125). Officer Rice did not ask Appellant for consent to search, rather Appellant told Officer Rice that he could go ahead and search the room. (R.R. Vol. 2 pp. 8,12-13; R.R. Vol. 3 pp. 110, 125). Deputy Daniel Jackson of the Castro County Sheriff's Office was also present, and stood by with Appellant while Officer Rice searched the room. (R.R. Vol. 2 p. 8; R.R. Vol. 3 pp. 123-125). Deputy Jackson heard Appellant give Officer Rice consent to search the room, and also stated that Officer Rice did not ask for consent to search.

8

(R.R. Vol. 3 p. 125). Officer Rice searched the room for something that could have been used to cause the wound he observed on Johnathan. (R.R. Vol. 2 p. 10; R.R. Vol. 3 pp. 110-112).

During the hearing on the motion to suppress, Appellant testified. (R.R. Vol. 2 p. 15). Appellant confirmed that he was staying in room 101 of the Dimmitt Motel, and that he and Johnathan were in a fight. (R.R. Vol. 2 pp. 15-16). Appellant further confirmed that Officer Rice did come to his room, that he answered the door, and that he was the only one in the room. (R.R. Vol. 2 pp. 16-18). Appellant however testified that he did not give Officer Rice consent to search the room, but gave him permission to search outside the premises. (R.R. Vol. 2 p. 17, 18).

During the search of the room, Officer Rice observed several items including clothes and a comforter. (R.R. Vol. 3 pp. 111, 119). When Officer Rice searched the bathroom, he observed something red in the toilet. (R.R. Vol. 3 p. 10; R.R. Vol. 3 pp. 112, 120). He believed it could have been the handle to a knife or something sharp, and after putting gloves on, removed the item from the toilet. (R.R. Vol. 2 p. 10; R.R. Vol. 3 p. 120). When Officer Rice removed the red item, he found that it was a Marlboro Reds Cigarette box. (R.R. Vol. 2 p. 11; R.R. Vol. 3 p. 112). Officer Rice opened the box and found a baggie containing 5.09 grams of methamphetamine. (R.R. Vol. 2 p. 11; R.R. Vol. 3 pp. 112, 143). After

9

photographing the cigarette box and the methamphetamine, Officer Rice placed Appellant under arrest and eventually transported him and the contraband to the Castro County Jail. (R.R. Vol. 3 pp. 112-113).

Several people testified at the trial, including Appellant's ex-girlfriend, Raquel Barrios ("Raquel"), an acquaintance named Stacey Buskirk ("Stacey"), Johnathan, and Appellant's uncle, Rogelio Tijerina ("Roy"). (R.R. Vol. 3 pp. 145, 153, 157, 164). Raquel testified that she arrived at the Dimmitt Motel that day with Johnathan, Appellant had been staying in room 101 of the Dimmitt Motel, that she did not enter Appellant's room that day, but she believed that Roy and Stacey had entered his room. (R.R. Vol. 3, pp. 147-149). Johnathan testified that he and Appellant got into a fight that evening, and that he never entered Appellant's room. (R.R. Vol. 3, pp. 155-156). Stacey testified that she was staying in a room at the Dimmitt Motel and that she did not enter Appellant's room that day (R.R. Vol. 3, p. 158). Roy testified that earlier in the evening he saw Appellant at a gas station buying Marlboro Red cigarettes. (R.R. Vol. 3, p. 166). Roy later went to the Dimmitt Motel to the room where Appellant was staying, a girl whose name Roy could not recall, but could have been Stacey, came over to Appellant's room for about five minutes and never entered the restroom. (R.R. Vol. 3, pp. 166-168, 170).

## SUMMARY OF THE ARGUMENT

Appellant's issues before the Court entitle him to no relief on appeal. The trial court did not err in denying Appellant's motion to suppress. The record contains legally sufficient evidence to establish that Appellant was guilty beyond a reasonable doubt of possession of a controlled substance.

## ARGUMENT

Appellant asserts two separate issues. In the first issue, Appellant claims that the trial court erred by denying Appellant's motion to suppress, and as such his conviction should be reversed. Officer Rice's entry into Appellant's motel room without a warrant was lawful under the exigent circumstances exception to the warrant requirement. If however, the Court finds that the entry was unlawful, Appellant's voluntary consent was sufficiently attenuated from the illegal entry. Therefore, there was no error in the court rejecting the motion. The second issue the Appellant raises is that the evidence was insufficient to sustain the verdict of the jury. Nevertheless, the evidence in the record is legally sufficient to sustain Appellant's conviction.

## <u>Standard of Review and Legal Authorities</u>

### *Denial of Motion to Suppress*

To review the trial court's denial of a motion to suppress, the appellate court should follow the abuse of discretion standard set out in *Guzman v. State*. 955

11

S.W.2d 85, 89 (Tex.Crim.App. 1997); *Montanez v. State*, 195 S.W.3d 101, 108 (Tex.Crim.App. 2006). The standard provides that the Court "should afford almost total deference" to the trial court's determination of historical facts and to the trial court's rulings on "application of law to facts questions" or "mixed questions of law and fact" when "the resolution of those ultimate questions turns on an evaluation of credibility and demeanor" *Montanez*, 195 S.W. 3d at 106 (*quoting Guzman*, 955 S.W. 2d at 89). If the resolution of mixed questions of law and fact does not turn on the evaluation of credibility and demeanor, the proper standard is to review the issue *de novo. Id.* When the trial court denies a motion to suppress and does not enter any findings of fact, the Court "must view the evidence 'in the light most favorable to the trial court's ruling' and 'assume that the trial court made implicit findings of fact that support its rulings as long as those findings are supported by the record'" *Id.* (*quoting Ross v. State*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000)).

### *Sufficiency of the Evidence*

In an appeal challenging the sufficiency of the evidence to support a conviction, the appellate court is to review the evidence in the light most favorable to the verdict and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979). This standard applies to

12

both direct and circumstantial evidence. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Johnson v. State,* 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

The appellate court is not to take the place of the jury, but rather view all of the evidence from the record to determine whether that evidence supported the verdict. *Hooper,* 214 S.W.3d at 13. Even if any evidence was wrongly considered, the court must consider that evidence as well because "jurors do not act irrationally [in] taking such evidence into account." *Johnson,* 871 S.W.2d at 186 (quoting *Thomas v. State,* 753 S.W.2d 688, 695 (Tex.Crim. App. 1988)). When there are two logical inferences that stem from the evidence, the appellate court is to presume the fact finder resolved the conflict in favor of the verdict and defer to the resolution after the court has determined that the fact finder's choice is not "clearly erroneous." *Jackson,* 443 U.S. at 326; *Hooper,* 214 S.W.3d at 16-17 (the reviewing court is merely to "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict").

## Application

I. The trial court did not commit error by denying Appellant's motion to suppress.

As noted in this Court's opinion in this case, this issue was not waived merely by the fact that trial counsel did not object at trial to the admission of the evidence that Appellant previously sought to suppress.

Appellant notes that the only issue with regard to the denial of the motion to suppress is consent. (Appellant's Brief, p. 12). However, an appellate court may affirm the ruling of the trial court "if it is correct on any theory of the law applicable to the case." *Gallups v. State*, 151 S.W.3d 196, 199 (Tex.Crim.App. 2004). There are two questions that must be addressed here. The first question is whether there is an exception to the warrant requirement that applies to Officer Rice's entry of Appellant's motel room without a warrant. If the answer to the first question is no, the second question is whether the consent given by Appellant to search the room was sufficiently attenuated from the illegal entry.

*EXIGENT CIRCUMSTANCES*

A warrantless entry into a person's home, or in this case motel room, is considered a "search" under the Fourth Amendment, and is presumed to be unreasonable unless there exists an exception to the warrant requirement. *Valtierra v. State,* 310 S.W.3d 442, 448 (Tex.Crim.App. 2010). One such exception is whether exigent circumstances exist which would make the procurement of a search warrant impractical. *Stone v. State,* 279 S.W.3d 688, 692 (Tex.App. – Amarillo 2006, pet. ref'd.). To determine whether exigent circumstances exist, first, the State must show that there was probable cause "to believe that the instrumentality of a crime or evidence of a crime will be found." *Stone,* 279 S.W.3d at 691-92. If probable cause exists, the State must then show that exigent

circumstances existed. *Id.* There are three situations in which exigent circumstances exist, "(1) rendering aid or assistance to persons whom officers reasonably believe are in need of assistance; (2) preventing the destruction of evidence or contraband; and (3) protecting officers from persons whom they reasonably believe to be present, armed and dangerous." *Id.*

"Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *Parker v. State,* 206 S.W.3d 593, 597 (Tex.Crim.App. 2006); *Stone,* 279 S.W.3d at 691. In this case, Officer Rice was called to the Dimmitt Motel to investigate a "fight in progress." (R.R. Vol. 2, p. 5). When he arrived, he met with Johnathan and observed a bleeding wound on him. (R.R. Vol. 2, pp. 5-6). He received information from Johnathan that the person that did this was Appellant, and information as to where Appellant's room was which is evidenced by the fact that he went directly from room 106 to Appellant's room 101. (R.R. Vol. 2, 6-7). Officer Rice's observation of the wound on Johnathan and the information he received that Appellant was the one fighting with Johnathan "would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime" would be found in Appellant's room. (R.R. Vol. 2 p. 6 -7). *Parker,* 206 S.W.3d at 597; *Stone,* 279 S.W.3d at 691.

15

When Officer Rice knocked on Appellant's door, Appellant answered the door and was breathing hard. (R.R. Vol. 2, p. 7). Officer Rice had information that Appellant had only moments before been in a fight with Johnathan and he had just observed a bleeding wound, thought to be a stab wound on Johnathan. (R.R. Vol. 2, pp. 6-7, 12, 14). Officer Rice detained Appellant due to the nature of the investigation, an assault with a weapon. (R.R. Vol. 2, p. 7, 12, 14). It is reasonable that Officer Rice entered the apartment to both prevent the destruction of evidence, the weapon, and to protect himself and others at the motel from Appellant whom he thought was armed and dangerous. (R.R. Vol. 2, pp. 7-9, 12, 14). These facts lead to the conclusion that Officer Rice reasonably believed that he would find the instrumentality of a crime or evidence of a crime in Appellant's motel room and that his immediate entry without a warrant was necessary to prevent the destruction of evidence and to keep himself and others safe.

*CONSENT*

If the Court finds that Officer Rice's entry into Appellant's motel room was not lawful under the exigent circumstances exception to the warrant requirement, the question then becomes whether "Appellant's consent is sufficiently attenuated from the unlawful entry to be considered voluntary." *Stone,* 279 S.W.3d at 692. Voluntary consent is a well-established exception to the warrant and probable cause requirements of the Fourth Amendment, and the State must prove by clear

16

and convincing evidence that the consent was voluntarily given. *Montanez,* 195 S.W.3d at106. In order to prove that consent was voluntary after an illegal search, "the State must prove by clear and convincing evidence that the taint inherent in the illegality had dissipated by the time consent is given." *Id.* at 693. There are several factors that should be considered to determine whether or not the taint had dissipated. Those factors include:

> (1) the temporal proximity between the unlawful entry and the given consent; (2) whether the warrantless entry brought about police observation of the particular object for which consent was sought; (3) whether the entry resulted from flagrant police misconduct; (4) whether the consent was volunteered or requested; (5) whether appellant was made fully aware of the right to refuse consent, and (6) whether the police purpose underlying the illegality was to obtain the consent.

*Id.*

The factors that clearly weigh against the dissipation of the taint include, first, the proximity between the entry and the consent appears to be a very short period of time. Next, there is nothing to indicate that Appellant was made aware of his right to refuse consent.

The factors that weigh in favor of the dissipation of the taint include the fact that Officer Rice entered the motel room to search for a weapon. (R.R. Vol. 2, pp. 7-9, 12). He testified that after he was given consent, his focus was on finding something that could have caused the wound he observed on Johnathan, not on

17

finding controlled substances. (R.R. Vol. 2, pp. 8, 10, 13). In addition, Officer Rice did not request consent to search the room from Appellant, rather Appellant volunteered the consent without having first been prompted. (R.R. Vol. 2, pp. 8, 13). Furthermore, there is nothing in the record to indicate that Officer Rice's entry was a result of flagrant misconduct or that the purpose of the entry was to obtain consent. As discussed above, Officer Rice believed that an assault with a weapon had just occurred, and his purpose in detaining Appellant had nothing to do with searching for or obtaining consent to search for a controlled substance. (R.R. Vol. 2, p. 10, 12-13, 14).

The review of these factors by the appellate court is not to determine whether the State did or did not prove by a clear and convincing standard the consent was sufficiently attenuated from the entry, but rather whether "the trial court abused its discretion by finding that the State had proven by clear and convincing evidence that appellant had voluntarily given consent." *Stone,* 279 S.W.3d at 694. Because this is an application of law to fact question that was based on the trial court's evaluation of credibility and demeanor at the suppression hearing, the evidence should be viewed "in the light most favorable to the trial court's ruling." *Guzman,* 955 S.W.2d at 89. The factors in favor of the dissipation of the taint from the entry outweigh those against. The trial court did not abuse its discretion in overruling Appellant's motion to suppress the search.

18

II.     The evidence is sufficient to support the jury's verdict that Appellant committed this offense.

Appellant lists as an issue that "the evidence adduced by the State at trial is insufficient to sustain the verdict of the jury." (Appellant's Brief, p. 3). Appellant does not further address the issue in the brief. However, in the interest of completeness, this issue will be addressed by the State.

Under Texas Health and Safety Code § 481.115(a), "a person commits an offense if the person knowingly or intentionally possesses a controlled substance." *Tex. Health & Safety Code Ann.* §481.115. In order to prove possession of a controlled substance, the State must establish that "(1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005). When the accused did not have exclusive possession of the contraband, the State must show that the accused's connection with the controlled substance "was more than just fortuitous." *Id.*; *Hudson v. State,* 128 S.W.3d 367, 374 (Tex.App. – Texarkana 2004, no pet.). However, "evidence showing joint possession with another is sufficient." *Id.*

Several factors, termed "affirmative links," have been named that are relevant when determining whether the accused's link to the controlled substance was more than incidental. *Id.* While these factors are indicative of possession, there is no set number of factors that must be shown in order for the State to meet their

19

burden of proof. In fact it is well established that it is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans v. State,* 202 S.W.3d 158, 162 (Tex.Crim.App. 2001); *see also Hooper,* 214 S.W.3d at 13 ("Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction"), *see also Hudson*, 128 S.W.3d at 374 ("The link, however, need not be so strong that it excludes every other reasonable hypothesis except the defendant's guilty.").

There are numerous factors that courts have considered in determining whether the accused has been adequately linked to the contraband. One list of those affirmative links is as follows:

> (1)Whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) whether the drugs were found in proximity to and accessible to the defendant; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other contraband or drug paraphernalia; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether the defendant owned or had the right to possess the place where the drugs were found; (11) whether the place the drugs were found was enclosed; (12) the amount of drugs found; (13) whether the defendant possessed weapons; and (14) whether the defendant possessed a large amount of cash.

*Wingfield v. State*, 197 S.W.3d 922, 927 (Tex.App. – Dallas 2006, no pet.). The Court of Criminal Appeals noted that these factors are "recognized as sufficient, either singly or in combination, to establish a person's possession of contraband." *Evans*, 202 S.W.3d at 162 n.12. Furthermore, "each case must be examined on its own facts. A factor that contributes to sufficiency in one situation may be of little value under a different set of facts." *Roberson v. State,* 80 S.W.3d 730, 735 (Tex.App. – Houston [1st Dist.] 2002, pet. ref'd). As noted before this list is not exhaustive, and simply provides some direction for the court when evaluating whether "the logical force of all of the evidence, direct and circumstantial" is sufficient for a fact finder to find guilty beyond a reasonable doubt. *Evans,* 202 S.W.3d at 162.

There are several of the affirmative links listed above that link appellant to the contraband here. First, appellant was present when the search was conducted and he was the only person present immediately prior to and during the search. Officer Rice and Deputy Jackson both testified that only Appellant was in the room when Officer Rice entered and searched. (R.R. Vol. 3, pp. 108-109). Second, the drugs were found in an area accessible to Appellant. Officer Rice testified that he found the drugs in the toilet of the motel room, an area which Appellant had access to prior to being detained. (R.R. Vol. 3, p. 112). Third, Appellant had the right to possess the place where the drugs were found. Several testified that Appellant was

staying in room 101 of the Dimmitt Motel that evening. (R.R. Vol. 3, pp. 147-148, 166-167, 172). Fourth, the place the drugs were found was enclosed; they were found in the bathroom of Appellant's motel room. (R.R. Vol. 3, p. 112). The affirmative links list stated above is not exhaustive. Another fact that links Appellant to the drugs is the packaging. Officer Rice found the methamphetamine in the toilet in a Marlboro Reds cigarette box. (R.R. Vol. 3, pp. 112). Roy testified that earlier in the evening he observed Appellant buying a package of Marlboro Reds cigarettes. (R.R. Vol. 3, pp. 166). Furthermore, when Appellant answered Officer Rice's knock at the door, he was out of breath. (R.R. Vol. 3, pp. 109, 127-128). This fact could lead one to believe that he had been doing something in a hurry prior to answering the door, such as trying to flush the drugs down the toilet.

Based on all of the foregoing evidence, it is reasonable to conclude that a fact finder could have reached the conclusion that Appellant was guilty of possession of methamphetamine. While two different logical inferences could stem from some of the evidence in the record, it is clear that the jury's choice between those inferences was not erroneous, and therefore the Court must defer to their choice. *see Jackson,* 443 U.S. at 326. It is clear from the record that the evidence supports Appellant's conviction, and therefore, the trial court's judgment should be affirmed.

## PRAYER

The State prays that this Court find that the trial court did not commit error by denying Appellant's motion to suppress the evidence. The State further prays that this Court find that the evidence was legally sufficient to support the jury's verdict that Appellant committed this offense, and the jury's verdict be affirmed.

Respectfully submitted,

_/s/ Shalyn L. Hamlin_____
SHALYN L. HAMLIN
COUNTY/DISTRICT ATTORNEY
CASTRO COUNTY, TEXAS
100 E. BEDFORD
DIMMITT, TEXAS 79027
TEL: (806) 647-4445
FAX: (806) 647-2089
shamlin@castrocounty.org
STATE BAR NO. 24062762
ATTORNEY FOR APPELLEE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the State's Reply Brief has been served on Tina Davis Rincones, Attorney for Appellant at 109 E. 6th Street, Plainview, Texas 79072.

_/s/ Shalyn L. Hamlin_____
SHALYN L. HAMLIN

**CERTIFICATE OF COMPLIANCE**

This is to certify that the number of words in this document according to the word count of the program used to prepare the document is 4723.

_/s/ Shalyn L. Hamlin_____
SHALYN L. HAMLIN